*In re* REBECCA SANTIAGO MÉNDEZ.

*Números:* AB-93-127    *Resueltos:* 28 de junio de 2000
AB-94-44
AB-97-37
TS-7052

*Rebecca Santiago Méndez, pro se; Carlos Lugo Fiol, Subprocurador General*, e *Iván F. Fuster, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM:

I

El 19 de mayo de 1995, a raíz de un Informe presentado por la Oficina de Inspección de Notarías (Queja RT 95-3157), suspendimos *temporeramente del ejercicio del notariado a la Lcda. Rebecca Santiago Méndez*. Resuelta esa querella, la licenciada Santiago Méndez solicitó readmisión, mediante Moción fechada al 25 de agosto de 1995. En

esa ocasión, entendimos prudente mantener vigente su suspensión a la luz de dos (2) otras quejas pendientes relacionadas a su práctica notarial (AB–93–127 y AB–94–44) lo cual hicimos constar en nuestra Resolución de 3 de noviembre de 1995. Subsiguientemente, el 29 de enero de 1996, el Procurador General rindió su informe relativo a dichas quejas. Recomendó la imposición de sanciones disciplinarias y económicas. El 23 de febrero, concedimos término a la licenciada Santiago Méndez para que compareciera ante el Procurador General a exponer su posición. Como no compareció, dictaminamos mediante *Per curiam* de 14 de junio de 1996, que no había cumplido nuestra resolución y la suspendimos provisionalmente del ejercicio de la abogacía.

Entretanto, mediante comparecencia especial del Juez Superior Hon. Luis A. Ruiz Malavé, Tribunal de Primera Instancia, Sala de Bayamón, fechada el 26 de febrero de 1997, fuimos informados de que la licenciada Santiago Méndez continuaba ejerciendo la profesión de abogada, aun estando suspendida. El 4 de abril referimos la cuestión (queja AB–97–37) al Procurador General.

Tras varios trámites procesales e investigativos, el Procurador rindió su informe el 29 de julio de 1999. Indicó allí que el Ministerio Público no había encontrado razón para encausar penalmente a la licenciada Santiago Méndez. El 26 de agosto contestó y solicitó reinstalación a la práctica de la abogacía. El 27 de agosto le indicamos que no procedía la misma por no haberse culminado los trámites procesales en torno a la queja AB–97–37 y las quejas AB–94–44 y AB–93–127, que estaban consolidadas. Le ordenamos que notificara a los promoventes de las quejas sus mociones de reinstalación y cumpliera los demás requisitos reglamentarios.

Finalmente, el 13 de septiembre de 1999, nos sometió Moción de Reconsideración Informativa y Cumplimiento de Orden, exponiendo y documentando el cumplimiento

con nuestra Resolución de 27 de agosto. El 10 de mayo sometió Renovación de Petición de *Reinstalación al Ejercicio de la Abogacía y al Notariado y Moción Informativa Adicional.*

## II

■ El notario puertorriqueño no sólo está obligado por los preceptos de la Ley Notarial de Puerto Rico, sino también, como abogado, por los cánones del Código de Ética Profesional. "El incumplimiento con una de estas fuentes de obligaciones y deberes del notario implica ineludiblemente la acción disciplinaria correspondiente no sólo en la función de éste como notario, sino también como abogado." *In re Capestany Rodríguez*, 148 D.P.R. 728, 733 (1999). Las faltas en el desempeño profesional de la licenciada Santiago Méndez, aun cuando emanaban de la práctica notarial, implicaron necesariamente su carácter de abogada, por lo que la suspensión de ambas funciones estaba justificada.

■ Más grave aún, en cuanto a sus deberes para con el sistema de justicia y este Tribunal en particular, fue la falta de diligencia en comparecer para responder por las faltas que se le imputaban. "Hemos resuelto, en reiteradas ocasiones, que los abogados tienen la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998)." (Énfasis suprimido.) *In re González Escobar*, 148 D.P.R. 646, 647 (1999).

## III

La conducta desplegada por la licenciada Santiago Méndez durante el trámite de sus querellas merece la más

enérgica censura y conlleva la imposición de severas sanciones disciplinarias. Entendemos, sin embargo, que su suspensión del ejercicio de la notaría por cinco (5) años, y de la abogacía por cuatro (4) por razón de desatender nuestros requerimientos, es suficientemente aleccionador de la gravedad de su falta. *No corresponde mantenerla suspendida más allá de 30 de junio de 2000.* Procede, sin embargo, la adjudicación final de las quejas pendientes.

En cuanto a la queja AB–97–37, el Informe del Procurador General es claro en que no hubo intención criminal de la querellada de practicar la abogacía. Sin embargo, la falta de intención criminal no exonera el error e inobservancia de la licenciada Santiago Méndez al radicar un documento a su nombre estando suspendida de la abogacía. En consecuencia, la censuramos por su falta.

Respecto a la queja AB–93–127, una vez otorgada la escritura de Segregación y Cesión requerida por la Administración de Reglamentos y Permisos para autorizar la lotificación de la finca en controversia estimamos que Santiago Méndez ha cumplido los trámites necesarios para concluir la controversia que originó la queja. Procede ordenar el archivo.

Respecto a la queja AB–94–44, ella ha cumplido los requerimientos que le hiciéramos el 27 de agosto de 1999. Ha demostrado haber subsanado cualquier error, omisión o inadvertencia relacionada con el trámite notarial. Visto el desistimiento del quejoso, mediante declaración jurada de 27 de agosto de 1998, y los trámites correctivos seguidos, ordenamos su archivo.

En cuanto a su suspensión en el foro federal (TS-7052), no nos compete pronunciarnos. Corresponde a la licenciada Santiago Méndez, en función de los criterios que prevalecen en dicha jurisdicción, llevar a cabo los trámites pertinentes.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Hernández Denton no intervino.