per curiam:
El abogado Eugenio A. Guardiola Ramírez fue admitido al ejercicio de la abogacía en nuestra jurisdicción el 3 de enero de 1994. El licenciado Guardiola Ramírez fue encontrado culpable, el 12 de febrero de 2004, en la Corte de Distrito Federal para el Distrito de Puerto Rico por tres cargos, a saber: conspiración para cometer delito o defraudar a Estados Unidos (18 U.S.C.A. see. 371); intervenir indebidamente con un testigo, una víctima o un informante (18 U.S.C.A. sec. 1512(b)), y obstrucción a la justicia (18 U.S.C. sec. 1512(c)). Fue sentenciado por el mencionado foro federal, el 15 de agosto de 2006, a cumplir treinta y tres meses en prisión por cada uno de los cargos, en forma concurrente. También, fue sentenciado a cumplir *416 tres años en libertad suspendida, luego de cumplida la sentencia en prisión antes impuesta.(1)
El Procurador General de Puerto Rico presentó la correspondiente querella ante este Tribunal, en la cual, además de expresar que los delitos por los cuales fue sentenciado Guardiola Ramírez implican depravación moral, “lo cual de por sí justifica su separación del ejercicio de la profesión”, añade que la conducta en que incurrió dicho abogado viola los Cánones 15, 35 y 38 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX.
Atendida la querella presentada por el Procurador General, concedimos un término de diez días a Guardiola Ramírez, mediante Resolución de 29 de septiembre de 2006, para que mostrara causa por la cual no debía ser separado indefinidamente del ejercicio de la profesión. Copia de esta Resolución fue notificada a dicho abogado, personalmente, el 3 de octubre de 2006 por la Oficina del Alguacil del Tribunal Supremo.
A pesar del tiempo transcurrido, Guardiola Ramírez no ha comparecido. Resolvemos.
I
La See. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. see. 735) dispone, entre otras cosas, lo siguiente: “La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados.”
*417 Hemos resuelto que “ ‘[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general, la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias’ ”. (Corchetes en el original.) In re García Quintero, 138 D.P.R. 669, 671 (1995).
No tenemos duda que los delitos por los cuales fue convicto y sentenciado Guardiola Ramírez ante el foro federal —conspiración para cometer delito o defraudar a Estados Unidos; intervenir ilegalmente con un testigo, víctima o informante, y obstrucción a la justicia— implican depravación moral. Coincidimos con el criterio del Procurador General de que ello, por sí, justifica la separación de Guardiola Ramírez del ejercicio de la profesión. Pero, hay más.
II
Este Tribunal, mediante la Resolución que emitiera el 29 de septiembre de 2006, le brindó una oportunidad a Guardiola Ramírez para que se expresara al respecto. No le interesó hacerlo. Resulta obvio que a éste tampoco le interesa continuar ejerciendo la honrosa profesión de abogado en nuestra jurisdicción.
En reiteradas ocasiones hemos expresado que es deber de los abogados y notarios obedecer nuestras órdenes y cooperar con las investigaciones disciplinarias. In re Santiago Méndez, 151 D.P.R. 568 (2000); In re García Tamayo, 150 D.P.R. 154 (2000). El incumplimiento con lo antes ex-puesto es causa suficiente para decretar la suspensión indefinida del ejercicio de la profesión de abogado.
*418 Ill
En consecuencia, se decreta la separación inmediata y definitiva del ejercicio de la abogacía y la notaría de Eugenio Guardiola Ramírez.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino. El Juez Asociado Señor Rivera Pérez se inhibió.

 Copia de la referida sentencia está unida al expediente personal del licenciado Guardiola Ramírez.