EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Víctor Luis Calderón Nieves | 2002 TSPR 107<br><br>157 DPR _____ |

Número del Caso: TS-3439


Fecha: 21 de junio de 2002


Oficina del Procurador General
                    Lcda. Noemí Rivera De León
                    Procuradora General Auxiliar


Abogado de la Parte Querellada:
                    Lcdo. Israel Roldán González



Materia: Conducta Profesional
        (La suspensión  es efectiva  a partir del 12 de julio de 2002
        fecha en que se le notificó al abogado de su suspensión inmediata)



    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor Luis Calderón Nieves                     TS-3439



PER CURIAM

San Juan, Puerto Rico, a 21 de junio de 2002


El abogado Víctor L. Calderón Nieves fue admitido al ejercicio de la abogacía el 14 de enero de 1970, y a la práctica de la notaría el 5 de marzo de ese mismo año, en Puerto Rico. Durante el año 1996, el ministerio fiscal radicó ante la Sala Superior de San Juan del Tribunal de Primera Instancia, cuatro (4) pliegos acusatorios, por alegadas violaciones a la Sección 58 de la Ley de Contribución sobre Ingresos de 1954, y cuatro (4) pliegos acusatorios, por alegadas violaciones a la Sección 145(c) de la referida Ley; ello como consecuencia de éste _no_ haber rendido --durante los años 1989, 1990, 1991 y 1992-- _ni_ la Declaración de

Contribución Estimada ni las Planillas de Contribución sobre Ingresos relativas a los mencionados años.

Luego de varios trámites procesales, el día 4 de marzo de 1996 la defensa y el ministerio fiscal le informaron al tribunal de instancia que habían llegado a una "alegación preacordada", consistente la misma en que el abogado Calderón Nieves hacía alegación de culpabilidad por las cuatro (4) violaciones a la Sección 145(c) de la Ley de Contribuciones sobre Ingresos[1], a cambio de lo cual el Estado le archivaría los cuatro (4) cargos por infracción a la Sección 58 de la referida Ley.

Aceptada la referida alegación preacordada por el tribunal de instancia, el abogado fue sentenciado a cumplir, en probatoria, seis (6) meses de cárcel en cada uno de los cuatro cargos, a ser cumplidos los mismos de forma concurrente entre sí, sentencias que, posteriormente, fueron "corregidas".[2] Resulta procedente señalar que la imposición de dichas

---

[1] La Sección 145(c) de la Ley Contribución sobre Ingresos --ahora, Artículo 133 del Código de Rentas Internas, 13 L.P.R.A. sec. 8054-- establecía:

"Dejar de Rendir Planillas: Cualquier persona obligada bajo este subtítulo a rendir una planilla o declaración, dentro del término o términos fijados por ley o por reglamentos, en adición a otras penalidades provistas por ley, será culpable de un delito grave, ....". (Énfasis suplido.)

[2] Dichas sentencias fueron, a petición del ministerio público, posteriormente corregidas por el tribunal de instancia por ser las mismas contrarias a derecho. a esos efectos, y mediante resolución de fecha 13 de mayo de 1997, el tribunal le impuso a Calderón Nieves una sentencia de dos (2) años, en cada uno de los cuatro cargos, a ser cumplidas las mismas de forma concurrente entre sí y en probatoria.

sentencias no fueron notificadas ni a la Oficina del Procurador General de Puerto Rico como tampoco a este Tribunal.[3]

Ello no obstante, y habiendo advenido la Oficina del Procurador General en conocimiento de estos hechos, dicho funcionario con fecha 8 de agosto de 2001 radicó ante este Tribunal una "querella" en contra del referido abogado. En la misma, y luego de exponer los hechos pertinentes, el Procurador General de Puerto Rico nos solicita que, con motivo de las antes mencionadas convicciones, decretemos "...la separación indefinida del abogado Víctor L. Calderón Nieves del Ejercicio de la Profesión y se elimine su nombre del registro de abogados".

Mediante Resolución de fecha 7 de septiembre de 2001 le concedimos término a Calderón Nieves para que contestara la querella presentada por el Procurador General de Puerto Rico. Luego de habérsele concedido prórroga para así hacerlo, Calderón Nieves radicó, el 3 de noviembre de 2001, la correspondiente Contestación a Querella. En la misma, en síntesis y en lo pertinente, acepta los hechos fundamentales de la querella radicada, esto es, el hecho de que fuera convicto por cuatro (4) infracciones a la antes mencionada Sección 145(c) de la Ley de Contribución sobre Ingresos de Puerto Rico. Ello no obstante, y por los "fundamentos" que más adelante expresaremos, solicita de este Tribunal que "desestime la querella radicada".

---

[3] Los tribunales de instancia deben notificar a este Tribunal, o a la Oficina del Procurador General, de la imposición de cualquier sentencia a un miembro de la profesión.

Mediante Resolución de fecha 18 de enero de 2002, dimos por "sometido" el asunto. <u>Resolvemos</u>.

I

Establece la Sección 9 de la ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, que:

> "El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdeameanor), en conexión con el ejercicio de su profesión *o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico*. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión <u>o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión</u>. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido.)

En vista del hecho de que los delitos por los cuales fue convicto el abogado Calderón Nieves, no obstante constituir "delito grave", no tienen conexión directa con el ejercicio de la profesión de abogado, <u>debemos cuestionarnos si los mismos implican "depravación moral"</u>.

**Hemos expresado, en <u>In re: García Quintero</u>, 138 D.P.R. 669, 671 (1995), que "[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo,**

compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias".

Por otro lado, en In re: Rivera Cintrón, 114 D.P.R. 481 (1983), nos enfrentamos a una situación similar a la del caso de autos, esto es, un abogado que no rindió, por varios años, la planilla de contribución sobre ingresos que todo ciudadano que percibe ingresos en nuestra jurisdicción viene en la obligación de rendir anualmente. Citando con aprobación varias decisiones de tribunales estatales y del Tribunal Supremo de Estados Unidos, expresamos que la depravación moral, tratándose de abogados, consiste "...en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral ..." y que todo delito en que el fraude es un "...ingrediente básico..." siempre se ha considerado que implica "torpeza moral". En resumen, expresamos en dicho caso que consideramos la depravación o torpeza moral "...como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias"; condición o situación que consideramos era aplicable a los hechos del citado caso.

**En el antes citado caso de <u>Rivera Cintrón</u>, decretamos la <u>separación indefinida</u> del abogado del ejercicio de la profesión al considerar que su acción de no radicar sus planillas de contribución sobre ingresos, unida a la "conducta contumaz" que éste había observado durante el trámite judicial del caso[4], hacían imposible que continuara ejerciendo la profesión de abogado en nuestra jurisdicción.**

## II

Sostiene el abogado Calderón Nieves que no procede que actuemos conforme lo hicimos en <u>Rivera Cintrón</u>, ante, debido a que dicho caso es "distinguible" del suyo ya que él no ha incurrido en "conducta contumaz"; ello en vista del hecho de que él --distinto a Rivera Cintrón-- cumplió con todos los acuerdos a los cuales se comprometió como consecuencia de la alegación pre-acordada realizada, incluyendo el pago de la suma de dinero por él adeudada por concepto de contribución sobre ingresos[5]. <u>Diferimos</u>.

**Estimamos que el delito grave de no radicar las planillas de contribución sobre ingresos denota "depravación moral". Así**

---

[4] Luego de ser convicto del delito de no radicar las planillas de contribución sobre ingresos, Rivera Cintrón fue condenado a pagar una multa y a sufrir cárcel. Se comprometió a satisfacer la suma de $10,000.00 y pagar $4,000.00 mensuales como condición para que se eliminara la pena de cárcel. Se eliminó la misma. Una vez pagados los $10,000.00 iniciales, éste no cumplió con el resto del acuerdo.

[5] Conforme surge del expediente, la suma adeudada por Calderón Nieves, por concepto de la contribución sobre ingresos que dejó

**lo resolvimos en <u>Rivera Cintrón</u>, ante. El mismo es uno que claramente demuestra una deficiencia inherente del sentido de la moral y la rectitud de parte de la persona que así actúa, esto es, conlleva de parte de la persona la intención de hacer algo contrario a la honradez, los buenos principios y la moral, actuación que ciertamente es fraudulenta. <u>In re: Rivera Cintrón</u>, ante. Véase, además, <u>In re: Peña Peña</u>, 2001 J.T.S. 48, en donde expresamos, citando a <u>Rivera Cintrón</u>, que "si se demuestra que la conducta del abogado no le hace digno de ser miembro de este foro, podemos ejercer nuestra facultad [inherente] de desaforo, aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, <u>pues basta que tales actuaciones afecten las condiciones morales del querellado</u>." (Énfasis suplido.)**

**Por los fundamentos antes expresados, se ordena la separación indefinida e inmediata del ejercicio de la abogacía, y de la notaría, en Puerto Rico de Víctor Luis Calderón Nieves.[6]**

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir

---

de satisfacer durante los años 1989, 1990, 1991 y 1992, <u>ascendió a la suma de $192,552.83</u>.

[6] No es de aplicación al presente caso lo resuelto por este Tribunal en <u>In re: Dubón Otero</u>, 2001 T.S.P.R. 69, res. el 17 de abril de 2001; ello por razón de que en el caso que hoy ocupa nuestra atención hubo una <u>alegación de culpabilidad</u> por parte del abogado.

de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial del abogado Calderón Nieves, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Víctor Luis Calderón Nieves            TS-3439


SENTENCIA

San Juan, Puerto Rico, a 21 de junio de 2002


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía y de la notaría en Puerto Rico de Víctor Luis Calderón Nieves, a partir de la notificación de la presente Opinión y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial del abogado Calderón Nieves, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez no interviene.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo