EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2006 TSPR 130 |
| Ricardo Corretjer Ruiz | 168 DPR _____ |

Número del Caso: TS-2901

Fecha: 11 de julio de 2006

Abogado del Peticionario:

Por Derecho Propio

Oficina del Procurador General:

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Materia: Conducta Profesional
(La suspensión será efectiva el 9 de agosto de 2006 fecha en que se le notificó al abogado de suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO PUERTO RICO

In re:

Ricardo Corretjer Ruiz

TS-2901

PER CURIAM

San Juan, Puerto Rico, a 11 de julio de 2006.

I.

Ricardo Corretjer Ruiz fue admitido al ejercicio de la abogacía el 7 de junio de 1967 y de la notaría el 12 de julio de 1967.

El 28 de junio de 2001 el Juez Administrador de la Región Judicial de Aibonito remitió ante nuestra consideración una copia certificada del expediente de un caso criminal en el que Corretjer Ruiz había hecho una alegación preacordada y se había declarado culpable de una infracción al artículo 22 de la Ley para la Protección de Propiedad Vehicular (en adelante Ley de Propiedad Vehicular).

El 9 de noviembre de 2001, por estar Corretjer Ruiz suspendido indefinidamente de la profesión por un reiterado incumplimiento con la obligación de pagar la cuota del Colegio de Abogados, atendimos la comunicación referida del Juez Administrador de la Región Judicial de Aibonito, y ordenamos que los documentos procedentes del Tribunal de Primera Instancia fuesen unidos al expediente personal de Corretjer Ruiz. Dado que el delito por el cual había sido convicto Corretjer Ruiz implica depravación moral, ordenamos así mismo que si en algún momento éste solicitaba reinstalación al ejercicio de la profesión, los referidos documentos fuesen remitidos al Procurador General para que se presentara la querella correspondiente.

Ante una solicitud de reinstalación por parte de Corretjer Ruiz, el 28 de diciembre de 2001 ordenamos que se remitiera copia de su expediente al Procurador General. El 28 de febrero de 2002 el Procurador compareció ante nos y presentó una querella en contra de Corretjer Ruiz por incumplir con los Cánones 35 y 38 del Código de Ética Profesional y solicitó la separación permanente de éste del ejercicio de la profesión.

El 17 de septiembre de 2003 denegamos la solicitud de reinstalación de Corretjer Ruiz y le concedimos un término para que contestara la querella en su contra. No habiendo éste contestado la querella, el 24 de diciembre de 2003 dimos por negadas las alegaciones de la misma y nombramos a la Hon. Ygrí Rivera de Martínez, ex Juez del entonces

Tribunal Circuito de Apelaciones, para que, en presencia de las partes y en calidad de Comisionada Especial, recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes.

El querellado Corretjer Ruiz compareció tanto por escrito como personalmente ante la Comisionada. Por su parte, el Procurador General sometió su caso a base de los expedientes ante el foro de primera instancia y el de la querella presentada.

Habiendo la Comisionada Especial rendido el informe encomendado y estando en posición de adjudicar la querella, procedemos a hacerlo.

## II.

A Ricardo Corretjer Ruiz se le radicaron cargos criminales por infracciones al artículo 275 del Código Penal de 1974[1] y al artículo 25 de la Ley de Propiedad Vehicular[2] por hechos ocurridos en junio del 2000. El 22 de mayo de 2001, tras negociar con el Ministerio Público, éste hizo alegación de culpabilidad por violación al artículo 22

---

[1] El artículo 275 penalizaba como delito grave la falsificación de documentos con intensión de defraudar. 33 L.P.R.A. § 4595.

[2] El artículo 25 penaliza como delito grave el suplir a sabiendas información falsa a cualquier expediente físico o sistema de computadoras sobre vehículos de motor. 9 L.P.R.A. § 3224.

de la Ley de Propiedad Vehicular –delito menos grave– sobre prestación de información falsa.[3]

El artículo 22 de la Ley de Propiedad Vehicular, de cuya violación se declaró culpable el querellado, sanciona el brindar información falsa al Secretario de Transportación y Obras Públicas o a la Policía a sabiendas de que es falsa. Según se desprende del informe de la Comisionada Especial, Corretjer Ruiz preparó una declaración jurada a sabiendas de que contenía información falsa con el propósito de obviar los procedimientos establecidos en el Negociado de Vehículos Hurtados de la Policía de Puerto Rico.

El Canon 35 del Código de Ética Profesional consagra el deber de sinceridad y honradez que debe observar todo abogado y dispone, en parte, lo siguiente:

> La conducta de cualquier miembro de la profesión legal... debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho...
>
> **El abogado debe ajustarse a la sinceridad de los hechos... al redactar affidavits u otros documentos...** (Énfasis suplido). 4 L.P.R.A. IX C. 35.

---

[3] Dicho art. 22 dispone en lo pertinente lo siguiente:

> Toda persona que por disposición de este capítulo viniese obligada a informar determinados hechos al Secretario de Transportación y Obras Públicas o a la Policía de Puerto Rico y no lo hiciese o suministrase informes falsos a sabiendas o teniendo razones para creer que son falsos la suministre como verdadera, incurrirá en delito menos grave. . . 9 L.P.R.A. § 3221.

Por otra parte, el Canon 38 dispone en lo pertinente, lo siguiente:

> **El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión,** aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia...

> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, **todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable...** (Énfasis nuestro.) 4 L.P.R.A. Ap. IX, C.38.

Claramente la conducta de Ricardo Corretjer Ruiz implicó una crasa violación a los Cánones 35 y 38 antes citados. Los actos por los cuales fue convicto, a saber brindar informes falsos a la Policía a sabiendas de su falsedad, denotan depravación moral.[4] El hecho de que incurriera en dicha conducta como parte de su función notarial contribuyó aún más a deshonrar la profesión legal. Como si fuera poco, medió el agravante de que la declaración jurada en cuestión fue preparada mientras se encontraba separado del ejercicio de la profesión por

---

[4] "La depravación moral, tratándose de abogados, consiste 'en hacer algo contrario a la justicia, la honradez, los buenos principios' y por lo tanto. . . todo delito que conlleve fraude como 'ingrediente básico' ha de siempre ser considerado como uno que implica 'torpeza moral'". *In re:* León Sánchez, res. el 27 de junio de 2003, 159 D.P.R. ___, 2003 TSPR 139, 2003 JTS 139; *In re:* Calderón Nieves, res. el 21 de junio de 2002, 157 D.P.R. ___, 2002 TSPR 107, 2002 JTS 113.

incumplir con su obligación de pagar las cuotas del Colegio de Abogados.[5]

### III.

En vista de lo anterior, concluimos que el querellado está claramente incapacitado para ejercer la profesión legal en Puerto Rico.

Por los fundamentos expresados, se decreta el desaforo permanente de Ricardo Corretjer Ruiz.

Se dictará sentencia de conformidad.

---

[5] Cabe señalar que el incumplimiento con la obligación de pago de la cuota del Colegio de Abogados ha sido un problema recurrente para Corretjer Ruiz y que, antes de haber sido suspendido del ejercicio de la profesión por ello, había recibido oportunidades para corregir su conducta.

EN EL TRIBUNAL SUPREMO PUERTO RICO

In re:

Ricardo Corretjer Ruiz

TS-2901

SENTENCIA

San Juan, Puerto Rico, a 11 de julio de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se decreta el desaforo permanente de Ricardo Corretjer Ruiz de la profesión legal en Puerto Rico.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo