EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Marisabel Piñero Martínez | 2004 TSPR 39<br><br>160 DPR \_\_\_\_ |

Número del Caso: TS-8396


Fecha: 10 de febrero de 2004


Oficina del Procurador General:

> Lcda. Noemí Rivera de León
> Procuradora General Auxiliar

Oficina de Inspección de Notarías:

> Lcda. Carmen H. Carlos
> Directora


Abogada de la Parte Querellada:

> Por Derecho Propio


Materia: Conducta Profesional
  (La suspensión será efectiva el 2 de marzo de 2004
  fecha en que se le notificó a la abogada de su
  suspensión inmediata).


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        TS-8396

Marisabel Piñero Martínez


PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 2004.

La licenciada Marisabel Piñero Martínez fue admitida al ejercicio de la abogacía el 13 de agosto de 1986 y de la notaría el 27 de febrero de 1987.

El 16 de octubre de 2003 la licenciada Marisabel Piñero Martínez fue sentenciada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla a una pena de nueve (9) años de cárcel por dos (2) cargos de violación al Artículo 272 del Código Penal de Puerto Rico[1] y seis (6) años de cárcel por dos (2) cargos de violación al Artículo 166 del Código Penal de Puerto Rico,

---

[1] 33 L.P.R.A sec. 4592.

apropiación ilegal agravada,[2] cada caso a cumplirse concurrentemente entre sí. Ordenó la suspensión de la referida sentencia, quedando la convicta bajo la custodia legal del Tribunal de Primera Instancia hasta la expiración del periodo máximo de su sentencia, bajo las condiciones impuestas por ese tribunal.

El Procurador General formuló querella contra la referida abogada, a tenor con lo dispuesto en la sección 9 de la Ley de 11 de marzo de 1909.[3] Le imputó, además que la conducta incurrida por la querellada era constitutiva de depravación moral, y violatoria de los Canones 23, 35 y 38 de Ética Profesional.

El 5 de diciembre de 2003 emitimos resolución que reza de la manera siguiente:

> Evaluado el Informe de la Directora de Inspección de Notarías, así como la querella presentada por el Procurador General el 4 de noviembre de 2003, y demás documentos que obran en autos, se concede un término de veinte (20) días, a la querellada para mostrar causa por la cual no deba ser suspendida indefinidamente del ejercicio de la abogacía, por haber sido convicta de delitos graves que implican depravación moral, a tenor con la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A sección 735.

La querellada no compareció a mostrar causa.

I

Establece la Sección 9 de la Ley de 11 de marzo de 1909,*supra.*, que:

---

[2] 33 L.P.R.A. sec. 4272.
[3] 4 L.P.R.A. sec. 735.

El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión por el Tribunal Supremo de Puerto Rico o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada para dejar sin efecto o modificar la orden de suspensión.

Hemos expresado, en *In re: García Quintero*,[4] que:

[l]a depravación moral, tratándose de abogados, consiste...en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral...En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento,

inmoral, vil en su naturaleza y dañino en su consecuencias.

_____

[4] 138 D.P.R. 669, 671 (1995).

Estimamos que los delitos por los cuales fue convicta y sentenciada la querellada son de naturaleza grave y demuestran "depravación moral." La conducta delictiva de la querellada demuestra una deficiencia inherente del sentido de la moral y la rectitud de la persona que así actúa, esto es, conlleva de parte de la persona la intención de hacer algo contrario a la honradez, los buenos principios y la moral, conducta que ciertamente es fraudulenta.[5]

Por los fundamentos antes expresados se ordena la separación indefinida e inmediata del ejercicio de la abogacía, y de la notaría, en Puerto Rico de Marisabel Piñero Martínez.

Le imponemos a la querellada el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación el cumplimiento de estos deberes, notificando también de ello al Procurador General.

_____

[5] En *In re: Peña Peña,* res. El 27 de marzo de 2001, 2001 T.S.P.R. 49, 153 D.P.R.__(2001), 2001 J.T.S. 48, expresamos que "si se demuestra que la conducta del abogado no le hace digno de ser miembro de este foro, podemos ejercer nuestra facultad [inherente] de desaforo, aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, pues basta que tales actuaciones afecten las condiciones morales del querellado."

La oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de la abogada Piñero Martínez, incluyendo el sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marisabel Piñero Martínez              TS 8396

SENTENCIA

San Juan, Puerto Rico, a 10 de febrero de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía y de la notaría en Puerto Rico de Marisabel Piñero Marínez, a partir de la notificación de la presente Opinión Per Curiam y hasta tanto otra cosa disponga este Tribunal. Le imponemos a ésta el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de la abogada Marisabel Piñero Martínez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Notifíquese personalmente a la querellada con copia de la Opinión que antecede y de esta sentencia. El Juez Asociado señor Rebollo López no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo