EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Héctor Luis Márquez Figueroa | Queja  2004 TSPR 52  161 DPR _____ |
|---|---|

Número del Caso: TS-4062

Fecha: 29 de marzo de 2004

Oficina del Procurador General:

                    Lcda. Noemí Rivera de León
                    Procuradora General Auxiliar

Abogado del Querellado:
                    Por Derecho Propio

Materia: Conducta Profesional
         (La suspensión será efectiva el día 12 de abril de 2004
         fecha en que se le notificó al abogado de su suspensión
         inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


Héctor Luis Márquez Figueroa              TS-4062




PER CURIAM


San Juan, Puerto Rico, a 29 de marzo de 2004.

El Lcdo. Héctor Luis Márquez Figueroa (en adelante, "Lcdo. Márquez Figueroa") fue admitido al ejercicio de la abogacía el 12 de enero de 1973, y al ejercicio de la notaría el 29 de enero de ese mismo año.

El 4 de diciembre de 2003, el Lcdo. Márquez Figueroa fue encontrado culpable ante el Tribunal de Distrito de los Estados Unidos de América, Distrito de Puerto Rico, por "conspirar para obstruir la justicia", delito grave que conlleva depravación moral al tener el fraude como uno de sus elementos constitutivos.  18 U.S.C. sec. 371.

Por ello, fue sentenciado a cumplir 18 meses en prisión, 3 años en probatoria y se le requirió el pago de $2,500.00 como multa.

A raíz de esta condena, el 24 de diciembre de 2003, el Procurador General de Puerto Rico presentó ante este Tribunal una querella, en la que solicitó que suspendiésemos indefinidamente al Lcdo. Márquez Figueroa del ejercicio de la profesión legal. Según el Procurador General, la conducta por la cual fue hallado culpable el querellado en la jurisdicción federal, además de implicar depravación moral,[1] infringía también los Cánones 35 (sobre

---

[1] La Sección 9 de la Ley de 11 de marzo de 1909, Leyes de Puerto Rico, 1909, pág. 97, 4 L.P.R.A. Sec. 735, dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuera, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión.

el deber de sinceridad y honradez) y 38 (sobre la preservación del honor y la dignidad de la profesión) del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 35 y 38.

En atención a la querella presentada por el Procurador General, el 30 de enero de 2004, emitimos una resolución concediéndole al Lcdo. Héctor Luis Márquez Figueroa un plazo de veinte (20) días, para que contestara la querella y mostrara causa por la cual no debíamos suspenderlo indefinidamente del ejercicio de la abogacía.

El 10 de marzo de 2004, el Lcdo. Márquez Figueroa presentó un escrito contestando la querella instada en su contra y exponiendo las razones por las cuales no debía ser suspendido del ejercicio de la abogacía. Entre las razones dadas por el querellado, surge que éste actualmente está apelando la sentencia que le resultara adversa ante el Tribunal de Apelaciones de los Estados Unidos de América para el Primer Circuito.

En razón de ello, y luego de examinar la totalidad de los documentos que obran en el expediente, **suspendemos inmediata y provisionalmente** al Lcdo. Héctor Luis Márquez Figueroa del ejercicio de la profesión de abogado y de la práctica de la notaría, hasta que otra cosa disponga este Tribunal.

Se le impone al Lcdo. Márquez Figueroa el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e

informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro de un término de treinta (30) días, contado a partir de la notificación de esta resolución, el cumplimiento con estos deberes, notificando también al Procurador General.

Se ordenará la notificación personal a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


Héctor Luis Márquez Figueroa            TS-4062


SENTENCIA


San Juan, Puerto Rico, a 29 de marzo de 2004.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la **suspensión inmediata y provisional** del ejercicio de la abogacía y de la práctica de la notaría del Lcdo. Héctor Luis Márquez Figueroa, hasta que otra cosa disponga este Tribunal.

Se le impone al Lcdo. Márquez Figueroa el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro de un término de treinta (30) días, contado a partir de la notificación de esta resolución, el cumplimiento con estos deberes, notificando también al Procurador General.

Notifíquese personalmente a través del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López, el Juez Asociado señor Hernández Denton y la Juez Asociada señora Fiol Matta no intervinieron.


                                        Patricia Otón Olivieri
                                    Secretaria del Tribunal Supremo