EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Harry Carrasquillo Ortiz | 2004 TSPR 213 <br><br> 163 DPR _____ |

Número del Caso: TS-13710

Fecha: 30 de diciembre de 2004

Oficina del Procurador General:

                                Lcda. Ana R. Garcés Camacho
                                Procuradora General Auxiliar

Abogados del Querellado:

                                Lcda. Alicia Álvarez Esnard
                                Lcdo. Edgar R. Vega Pabón

Materia: Conducta Profesional
       (La suspensión será efectiva el 5 de enero de 2005 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Harry Carrasquillo Ortiz                TS-13710

PER CURIAM

San Juan, Puerto Rico, a 30 de diciembre de 2004.

El licenciado Harry Carrasquillo Ortiz (Lcdo. Carrasquillo Ortiz o el querellado) fue admitido al ejercicio de la abogacía el 2 de julio de 2001, y al de la notaría el 19 de febrero de 2002.

El 16 de abril de 2004, el Lcdo. Carrasquillo Ortiz hizo alegación de culpabilidad en dos cargos por violación al Artículo 201 del Código Penal del Puerto Rico, 33 L.P.R.A. sec. 4352, el cual tipifica el delito grave de "aprovechamiento de funcionario público de cargos y servicios públicos", por hechos ocurridos en o para los meses de junio de 1999 a diciembre de 1999, mientras se desempeñaba como Secretario Auxiliar de Informática del Departamento

de Hacienda.[1]   Por dicha alegación, fue sentenciado a cumplir tres años de cárcel por cada cargo, a cumplirse consecutivamente, la restitución de treinta mil dólares ($30,000.00), el pago de costas y trescientos dólares ($300.00) como pena pecuniaria.  Ambas sentencias fueron suspendidas a tenor con lo dispuesto en la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. sec. 1026 *et seq.*.

De conformidad con lo establecido en la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, el 21 de mayo de 2004 el Procurador General presentó una querella ante nos, en la cual solicita que separemos indefinidamente del ejercicio de la abogacía al abogado convicto.

El 25 de junio de 2004, este Tribunal emitió Resolución mediante la cual concedió al Lcdo. Carrasquillo Ortiz un término de treinta (30) días para que mostrara causa por la cual no debía ser separado indefinidamente del ejercicio de la abogacía.

Vencido dicho término, el 16 de noviembre de 2004 compareció ante nos el licenciado Edgar R. Vega Pabón notificando que había sido contratado por el Lcdo. Carrasquillo para que le represente en los procedimientos concernientes a la querella de epígrafe. Además, solicitó una extensión de término hasta el 6 de diciembre para presentar el escrito correspondiente.  Mediante Resolución

---

[1] Las acusaciones originales imputaban violación al Art. 209 del Código Penal (Soborno), y al Art. 3.2 de la Ley de Ética Gubernamental, ambos delitos graves.

de 10 de diciembre de 2004, denegamos la prórroga solicitada. Procedemos pues, a resolver sin el beneficio de la comparecencia del querellado.

I

El Lcdo. Carrasquillo Ortiz, a pesar de haber cometido los actos delictivos antes de ser admitido a la práctica de la abogacía, fue convicto y sentenciado ya siendo abogado, por un delito que es de naturaleza grave e implica depravación moral.

Hemos resuelto reiteradamente que la separación del ejercicio de la abogacía, al igual que la admisión a ese ejercicio, es facultad inherente a este Tribunal. Véase *In re Peña Peña*, res. el 27 de marzo de 2001, 2001 TSPR 49; *Metropolitana de Préstamos v. López de Victoria*, 141 D.P.R. 844 (1996); *K-Mart Corp. v. Walgreens of Puerto Rico, Inc*, 121 D.P.R. 633 (1988); *In re Freites Mont*, 117 D.P.R. 11 (1986); *In re Liceaga*, 82 D.P.R. 252, 255 (1961); *In re Pagán*, 71 D.P.R. 761, 763 (1950); *In re Abella*, 67 D.P.R. 229, 238 (1947); *In re González Blanes*, 65 D.P.R. 381, 390-391 (1945). De igual manera, este Tribunal tiene poder inherente para investigar y determinar si la conducta específica de una persona antes de ser abogado puede ser considerada para removerlo como tal, cuando adviene en conocimiento de ello una vez es abogado. *In re Belén Trujillo*, 128 D.P.R. 949, 959 (1991)[2].

---

[2] Véase, además, *In re Pacheco Nieves*, 135 D.P.R. 95. En esa ocasión decretamos la reinstalación al ejercicio de la
continúa...

Por otra parte, la Sección 9 de la ley de 11 de marzo de 1909, 4 L.P.R.A sec. 735, claramente establece que el abogado que fuere culpable de un delito grave en conexión con la práctica de la abogacía o que implique depravación moral, cesará de ser abogado o de ser competente para la práctica de la abogacía. El mencionado precepto legal dispone que:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdeamenor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de la profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión.

En cuanto a lo que constituye depravación moral, hemos expresado que "tratándose de abogados, consiste. . .en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. . .En general la consideramos como un estado o condición del individuo, compuesto por una

---

[2] ...continuación
abogacía de un abogado que fue suspendido por haber sido hallado culpable del delito de conspiración, sec. 371 del Código Penal de los Estados Unidos, 18 U.S.C. sec. 71, por hechos cometidos antes de ser abogado, mientras éste se desempeñaba como miembro del Cuerpo de Investigación Criminal de la Policía de Puerto Rico.

deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias. *In re García Quintero*, 138 D.P.R. 669, 671 (1995).

En el presente caso el delito cometido por el querellado representa "la máxima expresión de lo que constituye depravación moral". Así lo resolvimos en *In re Ríos Ruiz*, 129 D.P.R. 666, 669 (1991), en el que separamos indefinidamente de la práctica de la abogacía a un abogado que fue acusado y declarado culpable por haber violado los Arts. 201 y 216 del Código Penal, 33 L.P.R.A. secs. 4352 y 4391, respectivamente. Es uno que claramente demuestra una deficiencia inherente del sentido de la moral y la rectitud de la persona que así actúa.

Por los fundamentos antes expresados, se ordena la separación indefinida e inmediata de Harry Carrasquillo Ortiz del ejercicio de la abogacía y de la notaría en Puerto Rico de Harry Carrasquillo Ortiz.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Harry Carrasquillo Ortiz, incluyendo su sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re

Harry Carrasquillo Ortiz                TS-13710


SENTENCIA

San Juan, Puerto Rico, a 30 de diciembre de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría del Harry Carrasquillo Ortiz, a partir de la notificación de esta Opinión Per Curiam. Se le impone a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, contado a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Harry Carrasquillo Ortiz, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el examen e informe a este Tribunal.

Notifíquese personalmente al querellado con copia de la Opinión que antecede y de esta Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez no intervino. La Juez Asociada señora Rodríguez Rodríguez no interviene.


                        Aida I. Oquendo Graulau
                    Secretaria del Tribunal Supremo