EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br>    Raúl E. González Díaz | 2005 TSPR 7 <br><br> 163 DPR _____ |

Número del Caso: TS-2488


Fecha: 18 de enero de 2005


Oficina del Procurador General:

                        Lcda. Noemí Rivera de León
                        Procuradora General Auxiliar

Abogado del Querellado:

                        Por Derecho Propio


Materia: Conducta Profesional
         (La suspensión será efectiva el 25 de enero de 2005 fecha
         en que se le notificó al abogado de su suspensión
         inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Raúl E. González Díaz

TS-2488

PER CURIAM

San Juan, Puerto Rico, a 18 de enero de 2005.

I

Raúl González Díaz fue admitido al ejercicio de la abogacía el 5 de noviembre de 1964 y al ejercicio de la notaría el 8 de enero de 1969.

Allá para mayo de 2004, el Tribunal de Primera Instancia declaró culpable a González Díaz por la comisión de los delitos de sodomía y violación,[1] sentenciándolo a cumplir diez (10) y quince (15) años de reclusión, respectivamente, de forma concurrente entre sí. En vista de ello,

_____

[1] Artículos 103 y 99 del Código Penal de Puerto Rico (1974), 33 L.P.R.A. secs. 4065 y 4061.

el Procurador General de Puerto Rico formuló una querella contra González Díaz en la cual solicitó que decretáramos su separación indefinida del ejercicio de la abogacía, así como la eliminación de su nombre del registro de abogados. Argumentó que la conducta exhibida por éste constituía depravación moral, razón suficiente para su desaforo de acuerdo a la sección 9 de la Ley de 11 de marzo de 1909,[2] y violaba, a su vez, el Canon 38 de Ética Profesional.[3] A dicha solicitud, González Díaz se opuso, en vista de que la aludida sentencia fue apelada.[4] González Díaz entiende que la petición del Procurador General es una prematura.

Vista la querella y su contestación, concedimos término al querellado González Díaz para que mostrara causa por la cual no debíamos ordenar su suspensión de la práctica de la abogacía. En cumplimiento con lo ordenado, éste compareció. Resolvemos.

II

Como se sabe, este Tribunal posee la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. Sin embargo, esta facultad no se limita a aquellas causas que surjan con

---

[2] 4 L.P.R.A. sec. 735.

[3] 4 L.P.R.A. Ap. IX, C. 38.

[4] Pueblo v. Raúl González Díaz, Caso KLAN2004-00721.

motivo del ejercicio de la profesión; basta con que la conducta desplegada por el abogado afecte sus condiciones morales y, de esa forma, lo haga indigno de ser miembro de este foro. In re León Sánchez, res. el 27 de junio de 2003, 2003 TSPR 139; In re Calderón Nieves, res. el 21 de junio de 2002, 2002 TSPR 107; In re Peña Peña, res. el 27 de marzo de 2001, 2001 TSPR 49; In re Rivera Cintrón, 114 D.P.R. 481 (1983). Así también se desprende de la sección 9 de la Ley de 11 de marzo de 1909, *supra*, la cual dispone:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que **fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico.** La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada [sic] para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido).

Conforme a lo anterior, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto del --o en conexión con el-- ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. En este contexto, hemos resuelto que depravación moral consiste en "hacer algo contrario a la justicia, la honradez, los buenos

principios o la moral". In re Piñero Martínez, res. el 10 de febrero de 2004, 2004 TSPR 39; In re León Sánchez, *supra.* En In re García Quintero, 138 D.P.R. 669, 671 (1995), consideramos la depravación moral como:

> un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su [sic] consecuencias.

Ciertamente, los actos por los cuales Raúl González Díaz fue convicto ante el foro de instancia constituyen depravación moral y motivo suficiente para suspenderlo del ejercicio de la abogacía y la notaría en Puerto Rico. Dichos delitos ejemplifican la máxima expresión del menosprecio a la dignidad humana, a la vida y a la seguridad de los demás. El abogado que no puede respetar tan esenciales principios de convivencia social, no es apto para enaltecer el honor de su profesión.

Por los fundamentos que anteceden, y dado que la sentencia condenatoria aún no es final y firme, decretamos la suspensión inmediata y provisional de Raúl González Díaz del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal.

Le imponemos a Raúl González Díaz el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar

oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de la Sentencia, el cumplimiento de estos deberes, y notificar también de ello al Procurador General.

La oficina del Alguacil de este Tribunal procederá a incautarse del sello y la obra notarial de Raúl González Díaz, y la entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Raúl E. González Díaz


TS-2488


SENTENCIA


San Juan, Puerto Rico, a 18 de enero de 2005.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, decretamos la suspensión inmediata y provisional de Raúl González Díaz del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal.

Le imponemos a Raúl González Díaz el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes, y notificar también de ello al Procurador General.

La oficina del Alguacil de este Tribunal procederá a incautarse del sello y la obra notarial de Raúl González Díaz, y la entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

TS-2488                        - 2 -


        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Fuster Berlingeri, señor Rivera Pérez y la Jueza Asociada señora Fiol Matta no intervinieron.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo