EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Marcos Morell Corrada | 2007 TSPR 113<br><br>171 DPR ____ |
|---|---|

Número del Caso: TS-4569


Fecha: 1 de junio de 2007


Oficina del Procurador General:

        Lcda. Noemí Rivera De León
        Procuradora General Auxiliar

Oficina de Inspección de Notarías:

        Lcda. Marla D. Ríos Díaz
        Directora Interina


Materia: Conducta Profesional- Suspensión del ejercicio de la profesión por convicción de delito que implica depravación moral

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Marcos Morell Corrada                    TS-4569

PER CURIAM

San Juan, Puerto Rico a 1 de junio de 2007.

El licenciado Marcos Morell Corrada fue admitido al ejercicio de la abogacía el 5 de junio de 1974, y al ejercicio de la notaría el 30 de julio del mismo año. El 5 de marzo de 2003 se le suspendió del ejercicio de la abogacía, pero se le reinstaló nuevamente en marzo de 2004.

El 16 de marzo de 2007, la Secretaría de la Corte de Distrito Federal para el Distrito de Puerto Rico nos remitió la Sentencia emitida en el caso United States of America vs. René Vázquez Botet and Marcos Morell Corrada, CR 04-160 (JAF). Según surge de dicho documento, el 30 de enero de 2006 la Corte de Distrito Federal para el

Distrito de Puerto Rico declaró a Morell Corrada culpable de cometer los delitos de conspiración para cometer una ofensa o defraudar a los Estados Unidos; interferencia con el comercio mediante extorsión, y fraude para privar al Gobierno del Estado Libre Asociado de Puerto Rico del pago de contribuciones, todo ello en violación a las secciones 371, 1951(a), 1341 y 1344 del título 18 del *United States Code*, respectivamente.

Por esos hechos, se le impuso una sentencia de sesenta (60) meses de cárcel; una imposición especial de $800.00; una pena monetaria de $100,000.00, así como tres (3) años de libertad supervisada una vez extinga la pena de reclusión.  En ese momento Morell Corrada fue ingresado por las autoridades correspondientes.  Según surge de los documentos recibidos, éste presentó una solicitud de fianza en apelación, la cual fue denegada por la Corte de Distrito.

A base de estos hechos, el Procurador General presentó una querella ante nos al amparo de la sección 9 de la Ley de 11 de marzo de 1909 donde también nos informa los detalles de la Sentencia emitida por la Corte de Distrito Federal para el Distrito de Puerto Rico.  En la referida querella el Procurador General solicita la separación de Morell Corrada del ejercicio de la abogacía.  Sostiene que la conducta en que incurrió implica depravación moral y que ello, de por sí, justifica su separación del ejercicio de la profesión.  No obstante, añade que -a su entender- éste

incurrió en violación al Canon 38 de ética profesional, por cuanto no se esforzó al máximo de su capacidad para exaltar el honor y dignidad de la profesión.

A la luz de la información recibida, emitimos una Resolución mediante la cual le concedimos término a Morell Corrada para que mostrara causa por la cual este Tribunal no deba suspenderlo provisionalmente del ejercicio de la abogacía. Dicha Resolución se le notificó a Morell Corrada personalmente a través de la Oficina del Alguacil Federal, así como a su abogado de record en el trámite ante la Corte de Distrito.

Aunque Morell Corrada no ha contestado la referida Resolución, tomamos conocimiento de que, anteriormente, había presentado ante la Oficina de Inspección de Notaría de este Tribunal su sumisión y aceptación a cualquier acción que tuviéramos a bien tomar. Con el beneficio de su posición, resolvemos.

I

Reiteradamente hemos expresado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este foro puede desaforar o suspender a aquellos miembros de la profesión que no sean aptos para desempeñar tan delicado ministerio. In Re González Díaz, res. el 18 de enero de 2005, 2005 TSPR 7. Dicha autoridad no se limita a causas que surjan con motivo del ejercicio de la profesión. Más bien, la misma se extiende a toda conducta desplegada

por el abogado que afecte sus condiciones morales y que lo haga indigno de ser miembro de este foro. *Id*.

De conformidad con la facultad mencionada, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual dispone -en lo pertinente- lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión o **que fuere culpable de cualquier delito que implicare depravación moral**, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico […]. 4 L.P.R.A. § 735 (énfasis suplido).

Hemos resuelto que un abogado incurre en depravación moral cuando hace algo contrario a la justicia, la honradez, los buenos principios o la moral. In re Piñero Martínez, res. el 10 de febrero de 2004, 2004 TSPR 39. Además, nos hemos referido a la depravación moral como un estado del individuo, compuesto por una deficiencia en su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana. In re Carrasquillo Ortiz, res. el 30 de diciembre de 2004, 2004 TSPR 213. En atención a ello, y considerando las labores que les competen a los abogados como oficiales del tribunal, hemos resuelto que un abogado convicto por delito grave o menos grave que implique depravación moral, está incapacitado para el ejercicio de la profesión. In re Vega Morales, res. el 17 de marzo de 2006, 2006 TSPR 55.

A la luz de estos preceptos, examinemos la conducta de Morell Corrada con el fin de determinar si procede su suspensión del ejercicio de la profesión.

II

Morell Corrada fue declarado culpable en el foro federal por cometer varios delitos; a saber, los delitos de conspiración para defraudar al Gobierno de los Estados Unidos; interferencia con el comercio mediante extorsión, y fraude contra el Gobierno de Puerto Rico. No cabe duda que cada uno de los delitos mencionados supone la existencia de depravación moral en el estado ético del querellado. In Re Guardiola Ramírez, res. el 7 de noviembre de 2006, 2006 TSPR 179; In re Márquez Figueroa, res. el 29 de marzo de 2004, 2004 TSPR 52; In re Colón Muñoz, 149 D.P.R. 627 (1999); In Re Fuentes Fernández, 133 D.P.R. 548 (1993).

En vista de ello, y a la luz de la Ley de 11 de marzo de 1909, procede que ejerzamos nuestro poder disciplinario en relación a la conducta de Morell Corrada. No obstante, conforme a la normativa vigente, en esta ocasión limitaremos la medida disciplinaria a una suspensión provisional toda vez que Morell Corrada presentó un recurso de apelación ante la Corte de Apelaciones de los Estados Unidos para el Primer Circuito. Una vez concluya el trámite ante dicho foro, emitiremos un dictamen definitivo.

De conformidad con el dictamen anterior, procedería que le impusiéramos a Morell Corrada el deber de notificar a sus clientes de su inhabilidad para continuar

representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, procedería ordenar al Alguacil de este Tribunal que incaute su obra y sello notarial y los entregue a la Oficina de Inspección de Notarías.

No obstante, Morell Corrada ya nos acreditó -mediante comunicación cursada el 9 de noviembre de 2006- su cumplimiento con los deberes mencionados. En específico, nos acreditó haber cumplido con la entrega de su protocolo y registro notarial a la Oficina de Inspección de Notarías. De la misma forma, nos informó que desde el inicio de la radicación de los cargos ante el foro federal realizó los trámites pertinentes para que sus clientes conocieran la situación y fueran debidamente atendidos por otros abogados. Además, nos informó que no existe ningún trámite judicial o administrativo requiera sus servicios.

Finalmente, Morell Corrada expresa que "acept[a] sin reservas las acciones que tenga a bien tomar este Tribunal como custodios de los valores éticos y morales que debemos observar los abogados en nuestro país".

En vista de lo anterior, damos por cumplidas las directrices que corresponden en estos casos y tomamos conocimiento de la aceptación presentada por Morell Corrada para las acciones que este Tribunal estime aplicables.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Marcos Morell Corrada                    TS-4569

SENTENCIA

San Juan, Puerto Rico a 1 de junio de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión inmediata y provisional de Marcos Morell Corrada del ejercicio de la abogacía y notaría hasta que otra cosa disponga este Tribunal.

Habiendo Morell Corrada informado a este Tribunal que entregó sus protocolos y registro notarial y que notificó oportunamente a todos sus clientes de la imposibilidad de continuar ejerciendo la abogacía, se dan por cumplidas las directrices que de ordinario dispone esta Curia en los casos de suspensión.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López inhibido. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo