EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Edwin Castillo Martínez | 2008 TSPR 43 173 DPR _____ |

Número del Caso: TS-7934

Fecha: 29 de febrero de 2008

Abogado de la Parte Peticionaria:

Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edwin Castillo Martínez          TS-7934



PER CURIAM



San Juan, Puerto Rico a 29 de febrero de 2008.

El pasado 5 de septiembre de 2007 la Secretaría de este Tribunal recibió copia certificada de la Sentencia emitida por la Corte de Distrito Federal para el Distrito de Puerto Rico en el caso United States of America vs. Edwin Castillo Martínez, CR-083-013 (JAF). Según surge de dicho documento, el 13 de septiembre de 2006 Castillo Martínez se declaró culpable ante la Corte de Distrito Federal para el Distrito de Puerto Rico de cometer el delito de conspiración para poseer con la intención de distribuir de dos a tres y medio kilogramos de cocaína, conducta tipificada como delito grave clase "B" en violación a la sección 846 del título 21 del *United States Code*. Por esos hechos, se le impuso una sentencia de treinta y siete (37) meses de

cárcel; una pena monetaria de $100.00 y cuatro (4) años de libertad supervisada una vez extinga la pena de reclusión.

A la luz de la información recibida, el 21 de septiembre de 2007 le concedimos término a Castillo Martínez para que mostrara causa por la cual no debíamos separarlo provisionalmente del ejercicio de la profesión.

En cumplimient6o con lo ordenado, Castillo Martínez presentó un escrito allanándose a la suspensión y reiterando una moción previa sobre renuncia voluntaria al ejercicio de la abogacía. En dicho escrito, Castillo Martínez también certificó haber renunciado a la representación legal de los clientes que habían contratado sus servicios y no tener casos pendientes ante los foros judiciales y administrativos del país. A su vez, afirmó no poseer ninguna suma de dinero en concepto de honorarios recibidos por trabajos no realizados y presentó evidencia de haber entregado su obra notarial a la Oficina de Inspección de Notarías.

Examinado el asunto con el beneficio de la posición de Castillo Martínez, procedemos a resolver.

I

Reiteradamente hemos expresado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este foro puede desaforar o suspender a aquellos miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio. In Re Morell Corrada, 2007 TSPR 113, res. 1 de junio de 2007; In Re González Díaz, 2005 TSPR 7,

res. 18 de enero de 2005. Dicha autoridad no se limita a causas que surjan con motivo del ejercicio de la profesión. Más bien, la misma se extiende a toda conducta desplegada por el abogado que afecte sus condiciones morales y que lo haga indigno de ser miembro de este foro. *Id*.

De conformidad con la facultad mencionada, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual dispone –en lo pertinente– lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados […]. 4 L.P.R.A. § 735.

Hemos resuelto que un abogado incurre en "depravación moral" cuando "hace […] algo contrario a la justicia, la honradez, los buenos principios o la moral". *In re Piñero Martínez*, 2004 TSPR 39, res. 10 de febrero de 2004,. Además, nos hemos referido a la depravación moral como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente fraudulento, inmoral, vil en su naturaleza y

dañino en sus consecuencias. <u>In re Carrasquillo Ortiz</u>, 2004 TSPR 213, res. 30 de diciembre de 2004. En atención a ello, y considerando las labores que les competen a los abogados como oficiales del tribunal, hemos resuelto que un abogado convicto por delito grave o menos grave que implique depravación moral, está incapacitado para el ejercicio de la profesión. <u>In re Vega Morales</u>, 2006 TSPR 55, res. el 17 de marzo de 2006.

A la luz de estos preceptos, examinemos la conducta de Castillo Martínez con el fin de determinar si procede su suspensión del ejercicio de la profesión.

II

Castillo Martínez fue declarado culpable en el foro federal por cometer el delito de conspiración para poseer con la intención de distribuir de dos a tres y medio kilogramos de cocaína. Además de que se trata de un delito grave, no cabe duda que el mismo supone la existencia de depravación moral en el estado ético y mental de Castillo Martínez. De hecho, ya anteriormente hemos expresado que el delito cometido por Castillo Martínez implica depravación moral. Véase <u>In re Bernal Sánchez</u>, 2003 TSPR 178, res. 23 de septiembre de 2003. A su vez, hemos resuelto que el delito de conspiración también conlleva depravación moral porque tiene el fraude como elemento constitutivo. <u>In Re Guardiola Ramírez</u>, res. el 7 de noviembre de 2006, 2006 TSPR 179; <u>In re Márquez Figueroa</u>, res. el 29 de marzo de 2004, 2004 TSPR 52. Ello responde al hecho de que todo delito en que el fraude es

un ingrediente básico supone la existencia de la condición que hemos llamado también "torpeza moral". Véase In re León Sánchez, res. el 27 de junio de 2003, 2003 TSPR 139; In re Rivera Cintrón, 114 D.P.R. 481 (1983).

Ciertamente, el proceder de Castillo Martínez en la comisión del delito mencionado refleja una deficiencia inherente en la rectitud y el sentido de la moral que debe caracterizar a todo abogado. Por tanto, resulta innegable que dicha conducta lo incapacita para continuar en el ejercicio de la profesión. En vista de ello, y a la luz de la Ley de 11 de marzo de 1909, decretamos la separación inmediata e indefinida de Castillo Martínez del ejercicio de la profesión y ordenamos que se borre su nombre del Registro de Abogados.

De conformidad con el dictamen anterior, procedería que le impusiéramos a Castillo Martínez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, procedería ordenar al Alguacil de este Tribunal que incaute su obra y sello notarial y los entregue a la Oficina de Inspección de Notarías.

No obstante, Castillo Martínez ya nos acreditó –a través de moción presentada el 1 de noviembre de 2007– su cumplimiento con los deberes mencionados. En específico, nos acreditó haber cumplido con la entrega de su protocolo y

registro notarial a la Oficina de Inspección de Notarías. De la misma forma, nos informó que desde el inicio de la radicación de los cargos ante el foro federal realizó los trámites pertinentes para que sus clientes conocieran la situación y fueran debidamente atendidos por otros abogados. Además, nos informó que no tiene ningún trámite judicial o administrativo pendiente. Siendo así, damos por cumplidas las directrices que corresponden en estos casos y tomamos conocimiento del allanamiento de Castillo Martínez a la sanción impuesta por este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Edwin Castillo Martínez          TS-7934

SENTENCIA

San Juan, Puerto Rico a 29 de febrero de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la separación inmediata e indefinida de Castillo Martínez del ejercicio de la profesión y ordenamos que se borre su nombre del Registro de Abogados.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo