*In re* MARIO O. GARCÍA QUINTERO.

*Número:* 3878          *Resuelto:* 16 de junio de 1995

PER CURIAM: El 15 de diciembre de 1994, el abogado Mario O. García Quintero, luego de ser juzgado en juicio celebrado por tribunal de derecho, fue declarado culpable y

convicto de varios cargos por infracción al Art. 272 del Código Penal de Puerto Rico,([1]) esto es, por posesión y traspaso de documentos falsificados.([2]) Como consecuencia de ello, la Sala de San Juan del Tribunal Superior de Puerto Rico sentenció al licenciado García Quintero a una pena de catorce (14) años de presidio en cada uno de los cargos por los cuales fue convicto, a ser cumplidas dichas sentencias en forma concurrente entre sí.

■ Establece la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) que:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdeameanor*), en conexión con el ejercicio de su profesión *o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico*. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido.)

■ Constituye doctrina firmemente establecida en nuestra jurisdicción que la causa de desaforo o suspensión del ejercicio de la profesión de abogado no tiene necesaria-

---

([1]) 33 L.P.R.A. sec. 4592.

([2]) Establece el citado Art. 272 del Código Penal que:

"Toda persona que con intención de defraudar a otra posea, use, circule, venda, pase o trate de pasar como genuino o verdadero cualquier documento, instrumento o escrito de los especificados en [el artículo] anterior a sabiendas de que los mismos son falsos, alterados, falsificados o limitados, será sancionada con pena de reclusión por un término fijo de nueve (9) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de catorce (14) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años."

mente que surgir con motivo de la actividad profesional; basta con que afecte las condiciones morales del querellado. *In re Rivera Cintrón*, 114 D.P.R. 481, 491 (1983); *Colegio de Abogados de P.R. v. Barney*, 109 D.P.R. 845, 848 (1980); *In re Liceaga*, 82 D.P.R. 252, 255–256 (1961).

Por otro lado, es de notar que hemos resuelto que "[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias". *Morales Merced v. Tribunal Superior*, 93 D.P.R. 423, 430 (1966); *In re Rivera Cintrón*, supra, pág. 491.

No tenemos duda alguna en nuestra mente sobre el hecho de que el abogado que infringe las disposiciones del antes citado Art. 272 del Código Penal incurre en un delito que implica "depravación moral"; así lo hemos resuelto anteriormente. Véanse: *In re Benítez Echevarría*, 128 D.P.R. 176 (1991); *In re Cruz Vázquez*, 117 D.P.R. 806 (1986). En consecuencia, *se decreta la separación permanente de la profesión de abogado del Lcdo. Mario O. García Quintero y se ordena que su nombre sea borrado del Registro de Abogados del Tribunal Supremo. El Alguacil General de este Tribunal deberá incautarse de la obra notarial del abogado suspendido, debiendo entregar la misma al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri no intervinieron.