EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ana L. Vega Morales | 2005 TSPR 55<br><br>167 DPR \_\_\_\_ |

Número del Caso: TS-7173


Fecha: 17 de marzo de 2006


Oficina del Procurador General de Puerto Rico:

        Lcda. Noemí Rivera De León
        Procuradora General Auxiliar


Abogado de la Parte Peticionaria:

        Lcdo. José Angel Cangiano




Materia: Conducta Profesional
      (La suspensión será efectiva el 7 de abril de 2006
      fecha en que se le notificó a la abogada de su suspensión
      inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-7173

Ana L. Vega Morales

PER CURIAM

San Juan, Puerto Rico, a 17 de marzo de 2006.

La licenciada Ana L. Vega Morales, fue admitida al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio del notariado el 1 de julio del mismo año.

El 6 de mayo de 2004, el Tribunal de Primera Instancia declaró culpable a la licenciada Vega Morales por el delito de tentativa de apropiación ilegal agravada, en el caso Pueblo v. Ana L. Vega Morales[1]. Ello por apropiarse, junto a la señora Carmen Vázquez Rodríguez, también acusada, de

---

[1] JPD-2002-G0970. Las partes llegaron a un acuerdo en el que solicitaron que se enmendara el delito de apropiación ilegal agravada por el de tentativa de apropiación ilegal agravada, lo cual aprobó el tribunal. La acusada presentó alegación de culpabilidad y el tribunal la aceptó y la declaró culpable y convicta de tal delito.

varias piezas de ropa interior pertenecientes a la tienda Sears de Plaza del Caribe, en Ponce.

Conforme surge del expediente ante nos, el Tribunal de Primera Instancia le impuso a la acusada una multa de doscientos dólares ($200). Copia de la referida Sentencia fue enviada a la Oficina del Procurador General de Puerto Rico el 21 de marzo de 2005 para la acción correspondiente.

El 15 de noviembre de 2005, el Procurador General formuló una querella contra la referida abogada, de conformidad con lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909[2], por tratarse de un delito menos grave que implica depravación moral. Sostuvo, además, que la conducta exhibida por la licenciada Vega Morales violaba el Canon 38 de Ética Profesional[3].

Examinado el Informe del Procurador General de Puerto Rico, le concedimos a la licenciada Vega Morales un término de treinta (30) días para que se expresara.

El 17 de febrero de 2006, la licenciada Vega Morales presentó su contestación a la querella, representada por el licenciado José A. Cangiano. Alegó que las disposiciones de la Sección 9, supra, no le son aplicables, porque el delito por el cual se le declaró culpable no fue cometido en el desempeño de sus funciones como abogada, no es un delito grave ni es uno que implique depravación moral.[4]

---

[2] 4 L.P.R.A. sec. 735.

[3] 4 L.P.R.A., Ap. IX, C. 38.

[4] Contestación al Informe del Procurador, pág. 2.

Respecto a la imputada violación del Canon 38 de Ética Profesional, *supra*, alegó que, aunque no actuó correctamente, sus clientes no resultaron afectados por las acciones cometidas en su vida personal. Añadió que aunque su conducta fue impropia, no fue de tal magnitud que merezca una suspensión o un desaforo de la profesión.[5] Resolvemos.

II

La Sección 9 de la Ley de 11 de marzo de 1909, *supra*, dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión **o que fuere culpable de cualquier delito que implicare depravación moral**, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada [sic] para dejar sin efecto o modificar la orden de suspensión.

El referido canon claramente establece que este Foro podrá suspender o destituir de su profesión a cualquier abogado que (1) fuera convicto de un delito grave (felony), (2) hubiere sido convicto de delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión,

---

[5] Íd., pág. 4.

y (3) fuera convicto de cualquier delito que implique depravación moral.

Hemos expresado que las funciones que les competen a los abogados como oficiales del tribunal, hacen que un abogado convicto de delito grave o menos grave que implique depravación moral, esté incapacitado para desempeñar éticamente los deberes y obligaciones que como miembro de la profesión le corresponden.[6]

A esos efectos, hemos resuelto que la depravación moral, tratándose de abogados, consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. En general, la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias.[7]

Por su parte, el Canon 38 de Ética Profesional, *supra*, dispone, en lo pertinente, lo siguiente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.

---

[6] In re Boscio Monllor , 116 D.P.R. 692 (1985).

[7] In re Piñero Martínez, 2004 T.S.P.R. 39, 2004 J.T.S. 35, 161 D.P.R. ___ (2004); García Quintero, 138 D.P.R. 669 (1995).

> Por razón de la confianza en él depositada
> como miembro de la ilustre profesión legal,
> todo abogado, tanto en su vida privada como en
> el desempeño de su profesión, debe conducirse
> en forma digna y honorable.

En In re Sepúlveda Girón[8], señalamos que la apariencia de conducta impropia puede resultar muy perniciosa al respecto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. Cada abogado es un espejo en que se refleja la imagen de la profesión. Sus actuaciones reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado particular que actúa, sino también de la clase profesional toda que debe representar la limpieza, la lealtad y el más escrupuloso sentido de responsabilidad.[9]

En el presente caso la licenciada Vega Morales fue convicta ante el foro de primera instancia por tentativa de apropiación ilegal. Ello por haberse apropiado de varias piezas de ropa pertenecientes a la tienda Sears de Plaza del Caribe, en Ponce.

Sostiene que por no tratarse de un delito que implique depravación moral no debe ser suspendida del ejercicio de su profesión. Añade que no ha dejado de preocuparse por el respeto y la seguridad de la vida humana y que los hechos por los que fue acusada no son esencialmente malos, dolosos,

---

[8] 2001 T.S.P.R. 153, 2001 J.T.S. 157, 155 D.P.R. ___ (2001).

[9] In re Ramírez Ferrer, 147 D.P.R. 607 (1999).

fraudulentos, inmorales, viles en su naturaleza ni dañinos en sus consecuencias.[10] No compartimos su criterio.

Los actos por los cuales la licenciada Vega Morales fue convicta ante el foro primario ejemplifican, claramente, depravación moral y constituyen motivo suficiente para suspenderla del ejercicio de la abogacía y la notaria en Puerto Rico, de conformidad con lo dispuesto en la Sección 9, *supra*. Su actuación denota un comportamiento contrario a la justicia, la honradez, los buenos principios y la moral.

Su conducta tampoco fue sincera ni honrada. El apropiarse de ropa y artículos de una tienda sin pagar por ellos, demuestra claramente una falta de honestidad de la licenciada Vega Morales. No albergamos duda de que lesiona la imagen de la profesión legal quien entra a una tienda con la intención de sustraer de la misma ropa y otros artículos sin pagar por ellos. Por todo ello, su conducta constituye una violación a lo dispuesto en el Canon 38 de Ética Profesional, *supra*.

En vista de lo anterior, procede que decretemos la suspensión de la licenciada Vega Morales inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a la licenciada Vega Morales el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y

---

[10] Contestación al Informe del Procurador, pág. 3.

administrativos.  Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta opinión Per Curiam y Sentencia, del cumplimiento con esos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de la señora Ana L. Vega Morales, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                TS-7173

Ana L. Vega Morales

                          SENTENCIA

        San Juan, Puerto Rico, a 17 de marzo de 2006.

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, suspendemos a la licenciada Ana L. Vega Morales inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

        Se ordena al Alguacil General de este Tribunal a incautarse de la obra y sello notarial de Vega Morales, debiendo entregar la misma a la Oficina de la Directora de Inspección de Notaría.

        Notifíquese personalmente a la querellada con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo