EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2006 TSPR 139   |
| Rafael Rivera Vázquez    | 168 DPR _____   |

Número del Caso: TS-6353

Fecha: 16 de junio de 2006

Abogado del Peticionario:

                    Lcdo. Harry Anduze Montaño

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rafael Rivera Vázquez                    TS-6353


PER CURIAM

San Juan, Puerto Rico, a 16 de junio de 2006.

I.

El Lcdo. Rafael Rivera Vázquez (en adelante, licenciado Rivera Vázquez) fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y el 2 de enero de 1980 prestó su juramento como notario.

El 26 de mayo de 2006, el licenciado Rivera Vázquez se declaró culpable en el foro federal del delito de conspiración para defraudar al servicio postal ("conspiracy to commit mail fraud"). En esa misma fecha, el Tribunal Federal Para el Distrito de Puerto Rico dictó una Sentencia en la que condenó al

abogado a doce (12) meses de prisión más tres años de libertad bajo supervisión electrónica. Se le impuso además una pena de restitución por la cantidad de $14,000.

Mediante carta del 25 de mayo de 2006, el representante legal del licenciado Rivera Vázquez nos informó sobre los hechos antes relatados y nos indicó que el licenciado Rivera Vázquez deseaba renunciar voluntariamente a su título como abogado y como notario. Nos solicitó que emitiéramos la determinación de separación correspondiente. Resolvemos

## II.

Hemos resuelto reiteradamente que la separación del ejercicio de la abogacía, al igual que la admisión a ese ejercicio, es facultad inherente a este Tribunal. In re Peña Peña, res. el 27 de marzo de 2001, 2001 TSPR 49. Como parte de dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. *In Re González Díaz*, res. el 18 de enero de 2005, 2005 TSPR 7, 163 D.P.R. ___ . No obstante, esta facultad no se limita a aquellas causas que surjan con motivo del ejercicio de la profesión; basta con que la conducta desplegada por el abogado afecte sus condiciones morales y, de esa forma, lo haga indigno de ser miembro de este foro. In re León Sánchez, res. el 27 de junio de 2003, 2003 TSPR 139; In re Calderón Nieves, res. el 21 de junio de 2002, 2002

TSPR 107; <u>In re Peña Peña</u>, res. el 27 de marzo de 2001, 2001 TSPR 49; <u>In re Rivera Cintrón</u>, 114 D.P.R. 481 (1983).

Asimismo, la Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada [sic] para dejar sin efecto o modificar la orden de suspensión.

La referida disposición estatutaria claramente establece que este foro podrá suspender o destituir de su profesión a cualquier abogado que (1) fuera convicto de un delito grave (felony), (2) hubiere sido convicto de delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión, y (3) fuera convicto de cualquier delito que implique depravación moral.

Por otro lado, el Canon 38 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 38, establece, en lo aquí pertinente, lo siguiente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.[…]
>
> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.

El referido canon impone a todo abogado unas normas mínimas de conducta indispensables para preservar el honor y la dignidad de la profesión. Además, dicho canon extiende la obligación de los abogados de conducirse en forma digna y honrada, a su vida privada. *In re Quiñónez Ayala*, res. el 30 de junio de 2005, 2005 T.S.P.R. 99. Ello en vista de que la apariencia de conducta impropia puede resultar muy perniciosa al respeto que la ciudadanía tiene por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. *In Re Vega Morales*, res. el 17 de marzo de 2006, 2006 TSPR 55, 167 D.P.R. ___.

### III.

El licenciado Rivera Vázquez fue sentenciado en el foro federal por un delito tipificado como grave. Conforme a lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909, ello es motivo suficiente para

suspenderlo del ejercicio de la abogacía y la notaría en Puerto Rico.

Además, el abogado violó los deberes de preservación del honor y la dignidad en la profesión que le impone el Canon 38 de Ética Profesional.

Por los fundamentos que anteceden, y dado que la sentencia condenatoria aún no es final y firme, decretamos la suspensión inmediata y provisional del Lcdo. Rafael Rivera Vázquez del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal.

Le imponemos al licenciado Rivera Vázquez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta resolución, el cumplimiento de estos deberes, y notificar también de ello al Procurador General.

La oficina del Alguacil de este Tribunal procederá a incautarse del sello y la obra notarial del licenciado Rivera Vázquez, y la entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rafael Rivera Vázquez                    TS-6353

SENTENCIA

San Juan, Puerto Rico, a 16 de junio de 2006.

Por los fundamentos expuestos en la Opinión *Per Curiam* que anteceden, y dado que la sentencia condenatoria aún no es final y firme, decretamos la suspensión inmediata y provisional del Lcdo. Rafael Rivera Vázquez del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal.

Le imponemos al licenciado Rivera Vázquez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta resolución, el cumplimiento de estos deberes, y notificar también de ello al Procurador General.

La oficina del Alguacil de este Tribunal procederá a incautarse del sello y la obra

notarial del licenciado Rivera Vázquez, y la entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo