EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Re<br><br>Eugenio Guardiola Ramírez | 2006 TSPR 179<br><br>169 DPR \_\_\_\_ |
|---|---|

Número del Caso: TS-10,668

Fecha: 7 de noviembre de 2006

Oficina del Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día
29 de noviembre de 2006.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Re*

Eugenio Guardiola Ramírez          TS-10668

PER CURIAM

San Juan, Puerto Rico, a 7 de noviembre de 2006

El abogado Eugenio A. Guardiola Ramírez fue admitido al ejercicio de la abogacía en nuestra jurisdicción el 3 de enero de 1994. El licenciado Guardiola Ramírez fue encontrado culpable, el 12 de febrero de 2004, en la Corte Federal para el Distrito de Puerto Rico por tres cargos, a saber: conspiración para cometer delito o defraudar a los Estados Unidos (18 U.S.C. sec. 371); intervenir indebidamente con un testigo, víctima o informante (18 U.S.C. sec. 1512(b); y obstrucción a la justicia (18 U.S.C. sec. 1512(c). Fue sentenciado por el mencionado foro federal, el 15 de agosto de 2006, a cumplir treinta y tres meses en prisión por cada uno de los cargos, en forma concurrente entre

sí. También, fue sentenciado a cumplir tres años en libertad suspendida, luego de cumplida la sentencia en prisión antes impuesta.[1]

El Procurador General de Puerto Rico radicó la correspondiente "querella" ante este Tribunal, en la cual, además de expresar que los delitos por los cuales fue sentenciado Guardiola Ramírez implican depravación moral, "lo cual por sí justifica su separación del ejercicio de la profesión", añade que la conducta incurrida por dicho abogado es una en violación de los Cánones 15, 35 y 38 de Ética Profesional.

Atendida la "querella" radicada por el Procurador General, mediante Resolución del 29 de septiembre de 2006, le concedimos un término de diez días a Guardiola Ramírez para que mostrara causa por la cual no debía ser separado indefinidamente del ejercicio de la profesión. Copia de la Resolución fue notificada a dicho abogado, _personalmente_, el 3 de octubre de 2006 por la Oficina del Alguacil del Tribunal Supremo.

A pesar del tiempo transcurrido, Guardiola Ramírez no ha comparecido. Resolvemos.

I

La Sección 9 de la Ley de 11 de marzo de 1909. 4 L.P.R.A. sec. 735, dispone, entre otras cosas, lo

---

[1] Copia de la referida sentencia está unida al expediente personal del licenciado Guardiola Ramírez.

siguiente: "...La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados."

Hemos resuelto que '[l]a depravación moral, tratándose de abogados, consiste … en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. … En general, la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias.' In re: García Quintero, 138 D.P.R. 669, 671 (1995).

No tenemos duda que los delitos por los cuales fue convicto, y sentenciado, Guardiola Ramírez ante el foro federal --conspiración para cometer delito o defraudar a los Estados Unidos; intervenir ilegalmente con un testigo, víctima o informante; y obstrucción a la justicia-- implican depravación moral. Coincidimos con el criterio del Procurador General de que ello, por sí, justifica la

separación de Guardiola Ramírez del ejercicio de la profesión. Pero, hay más.

## II

Este Tribunal, mediante la Resolución que emitiera el 29 de septiembre de 2006, le brindó una oportunidad a Guardiola Ramírez para que se expresara al respecto. No le interesó hacerlo. Resulta obvió que a éste tampoco le interesa continuar ejerciendo la honrosa profesión de abogado en nuestra jurisdicción.

En reiteradas ocasiones hemos expresado que es deber de los abogados y notarios obedecer nuestras órdenes y cooperar con las investigaciones disciplinarias. In re: Santiago Méndez, 151 D.P.R. 568 (2000); In re: García Tamayo, 150 D.P.R.154 (2000). El incumplimiento con lo antes expuesto es causa suficiente para decretar la suspensión indefinida del ejercicio de la profesión de abogado.

## III

En consecuencia, se decreta la separación inmediata y definitiva del ejercicio de la abogacía y la notaría de Eugenio Guardiola Ramírez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Re*

Eugenio Guardiola Ramírez                    TS-10668


SENTENCIA

San Juan, Puerto Rico, a 7 de noviembre de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta Sentencia decretando la separación <u>inmediata y definitiva</u> del ejercicio de la abogacía y de la notaría de Eugenio Guardiola Ramírez.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Eugenio Guardiola Ramírez, incluyendo su sello notarial, luego de lo cual hará entrega de éstos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez inhibido.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo