EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Lorenzo Muñoz Franco | 2008 TSPR 79 174 DPR ____ |

Número del Caso: TS-3138

Fecha: 6 de mayo de 2008

Abogado de la Parte Peticionaria:

Lcdo. Harry Anduze Montaño

Hon. Procurador General de Justicia

Lcda. Noemí Rivera de León
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lorenzo Muñoz Franco                    TS-3138


PER CURIAM

San Juan, Puerto Rico a 6 de mayo de 2008.

El licenciado Lorenzo Muñoz Franco fue admitido al ejercicio de la abogacía el 3 de junio de 1968 y al ejercicio de la notaría el 23 de enero de 1970. El 24 de mayo de 2002 el representante legal de Muñoz Franco compareció por escrito y nos informó que dicho abogado había resultado convicto ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.[1] En ese momento, se nos informó que pendían ante la consideración del mencionado tribunal varias mociones de desestimación y una moción de absolución. En vista de lo anterior, mediante

_____

[1] No se nos informó por cuáles delitos Muñoz Franco fue convicto.

Resolución emitida el 12 de agosto de 2003 le ordenamos al Procurador General que nos mantuviera informados sobre el resultado de las mencionadas mociones.

Posteriormente, el Procurador General compareció y presentó una querella en contra de Muñoz Franco al amparo de la Sección 9 de la Ley de 11 de marzo de 1909. Mediante dicha querella, el Procurador nos informó que el 12 de febrero de 2004 Muñoz Franco fue hallado culpable de dos cargos por el delito de conspiración para cometer una ofensa o defraudar a los Estados Unidos ("conspiracy to commit offense or to defraud United States", 18 U.S.C. sec. 371); dos cargos por el delito de ayudar e incitar al fraude bancario ("aiding and abetting in bank fraud", 18 U.S.C. sec. 1344); y cuatro cargos por el delito de ayudar e incitar al uso ilegal de fondos bancarios ("aiding and abetting in misapplication of bank funds", 18 U.S.C. sec. 657).

Según se desprende de la copia certificada de la sentencia remitida por el Procurador General, Muñoz Franco fue sentenciado a cumplir cuarenta y seis (46) meses de reclusión por cada uno de los primeros cuatro cargos, así como sesenta (60) meses por cada uno de los restantes cargos, a ser cumplidos de manera concurrente. También se le sentenció a cumplir tres (3) años en libertad supervisada cuando extinga las mencionadas penas de reclusión, así como al pago de $400.00 por concepto de pena especial y una multa de $50,000.00.

En su querella, el Procurador General adujo que la conducta por la cual Muñoz Franco fue hallado culpable de delito implica depravación moral, por lo que –a su juicio– se justifica su separación indefinida del ejercicio de la abogacía. Alegó, además, que Muñoz Franco infringió los Cánones 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por haber faltado a su deber de sinceridad y honradez y de exaltar el honor y la dignidad de su profesión, respectivamente.

Examinada la querella presentada por el Procurador General, le ordenamos a Muñoz Franco mostrar causa por la cual no debíamos suspenderlo del ejercicio de la profesión. En cumplimiento con la orden, Muñoz Franco compareció y solicitó que dejáramos en suspenso el procedimiento disciplinario hasta tanto el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito atendiera finalmente una apelación presentada por él. Alegó que se abstendría voluntariamente de comparecer a los tribunales y que no ofrecería representación legal al público. Igual solicitud nos hizo Muñoz Franco en su contestación a la querella, en la cual negó haber incurrido en conducta que implicara depravación moral o haber cometido delito alguno. En dicha contestación, el querellado solicitó la desestimación de las imputaciones relacionadas a los Cánones 35 y 38 del Código de Ética Profesional, por entender que el Procurador General no expuso hechos suficientes para sustentar las mismas.

En vista de los hechos mencionados, mediante Resolución del 18 de febrero de 2005 suspendimos provisionalmente a Muñoz Franco del ejercicio de la abogacía y la notaría, hasta tanto dispusiéramos lo contrario. In re Muñoz Franco, res. 18 de febrero de 2005, 2005 TSPR 25. En dicha Resolución, le impusimos a Muñoz Franco el deber de notificar a todos sus clientes sobre su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Le ordenamos también que nos certificara el cumplimiento de dichos deberes, notificando también al Procurador General. Asimismo, le ordenamos al Alguacil de este Tribunal que incautara el sello y la obra notarial de Muñoz Franco y la entregara a la Oficina de Inspección de Notarías. En cumplimiento con lo ordenado, Muñoz Franco compareció y nos certificó haber cumplido con lo señalado. Posteriormente, la Secretaría de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico nos remitió la Sentencia emitida por el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito en el caso United States of America vs. Lorenzo Muñoz Franco, No. 04-1532. Según surge de este documento, la condena impuesta a Muñoz Franco por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico fue confirmada por el mencionado foro apelativo y advino final y firme.

Procedemos a resolver.

I

Es norma reiterada que este Tribunal tiene la facultad inherente para reglamentar el ejercicio de la profesión de la abogacía en nuestra jurisdicción. A tono con dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. In re Rivera Vázquez, res. 16 de junio de 2006, 2006 TSPR 139; In re González Díaz, res. 18 de enero de 2005, 2005 TSPR 7. Sin embargo, nuestra facultad no se limita a causas que surjan con motivo del ejercicio de la profesión. Ello en vista de que podemos ejercer nuestro poder disciplinario sobre aquella conducta desplegada por el abogado que afecte sus condiciones morales y que lo haga indigno de ser miembro de este foro. In re Rivera Vázquez, supra; In re Peña Peña, 153 D.P.R. 642 (2001).

Cónsono con lo anterior, la Sección 9 de la Ley de 11 de marzo de 1909 dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. [...]. 4 L.P.R.A. sec. 735.

Al delinear los contornos del concepto "depravación moral", hemos establecido que un abogado incurre en dicha

conducta cuando hace algo contrario a la justicia, la honradez, los buenos principios o la moral. Se trata de "un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento [...]". In re Toro Goyco, res. 2 de marzo de 2007, 2007 TSPR 58; In re Guardiola Ramírez, res. 7 de noviembre de 2006, 2006 TSPR 179; In re García Quintero, 138 D.P.R. 669, 671 (1995). Asimismo, hemos resuelto que las funciones que le competen a todo miembro de la profesión legal, como oficial del tribunal, hacen que un abogado convicto por delito grave o menos grave que implique depravación moral, esté incapacitado para desempeñar éticamente los deberes que exige la profesión. In re Morell Corrada, res. 1 de junio de 2007, 2007 TSPR 113; In re Vega Morales, res. 17 de marzo de 2006, 2006 TSPR 55.

Con estos preceptos en mente, examinemos si la conducta de Muñoz Franco amerita que lo suspendamos indefinidamente del ejercicio de la profesión.

II

Muñoz Franco fue hallado culpable en el foro federal por cometer varios delitos: conspiración para cometer una ofensa o defraudar a los Estados Unidos; ayudar e incitar al fraude bancario; y ayudar e incitar al uso ilegal de fondos bancarios. Sin duda, la comisión de dichos delitos por parte de Muñoz Franco supone la existencia del elemento de

depravación moral en su estado ético. <u>In re Morell Corrada</u>, *supra*; <u>In re Guardiola Ramírez</u>, *supra*; <u>In re Colón Muñoz</u>, 149 D.P.R. 627, 629 (1999). De este modo, coincidimos con el criterio del Procurador General de que ello es suficiente para decretar la separación indefinida de Muñoz Franco de la profesión.

Por tanto, se suspende indefinida e inmediatamente a Muñoz Franco del ejercicio de la profesión de la abogacía. En vista de que Muñoz Franco ya acreditó su cumplimiento con los deberes de notificar a todos sus clientes sobre su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País, y de que el Alguacil de este Tribunal ya incautó su obra y sello notarial y los entregó a la Oficina de Inspección de Notarías, damos por cumplidas las directrices de rigor en estos casos.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Lorenzo Muñoz Franco                    TS-3138

SENTENCIA

San Juan, Puerto Rico, a 6 de mayo de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida de Lorenzo Muñoz Franco del ejercicio de la abogacía y de la notaría.

Habiendo recibido este Tribunal una certificación suscrita por Muñoz Franco acreditando el cumplimiento de los deberes que le corresponden a un abogado suspendido del ejercicio de la profesión, damos por cumplidos los mismos.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo